**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| New England Technology Finance, LLC, a Delaware limited liability company, Plaintiff, vs. Enterprise Resource Procurement, LLC, an Arizona limited liability company, Defendant. | No. CV08-1206-PHX-DGC **ORDER** |

Plaintiff has filed an Emergency Motion to Remand and Motion for Sanctions; Temporary Restraining Order; Attorneys' Fees and Costs. Dkt. #6. Defendant has also filed a motion for remand. Dkt. #8. Plaintiff has filed a response to Defendant's motion. Dkt. #9.

The parties agree that this case was improperly removed from state court. Actions based on diversity jurisdiction may be removed to federal court "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Defendant is an Arizona citizen for purposes of diversity jurisdiction. Dkt. ##6, 8. Given the parties' agreement on this issue, and the fact that courts strictly construe the removal statute against removal jurisdiction, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), the Court will remand this case to state court.

Plaintiff also seeks sanctions. First, Plaintiff asks the Court to require Defendant to pay the costs and attorneys' fees incurred by Plaintiff as a result of the improper removal. The removal statute provides that a district court may require payment of costs and attorneys'

1 fees incurred because of an improper removal. 28 U.S.C. § 1447(c). Such costs and fees 2 normally should not be awarded if the removing party had an "objectively reasonable basis 3 for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quotation marks 4 and citations omitted). Because the Court concludes that Defendant did not have an 5 objectively reasonable basis for removing this case, attorneys' fees and costs will be 6 awarded. *Id.* at 999. The Court will set a briefing schedule below. *Moore v. Permanente* 7 *Med. Group, Inc.*, 981 F.2d 443, 445 (1992) (holding that district courts retain jurisdiction 8 after remand to award fees and costs under § 1447(c)).

9 Second, Plaintiff asks the Court to enter the temporary restraining order ("TRO") it 10 sought in state court. Plaintiff seeks entry of the TRO as a sanction for Defendant's improper 11 removal, relying on *Wisconsin v. Missionaries to the Preborn*, 796 F. Supp. 389 (E.D. Wis. 12 1992). The Court will deny Plaintiff's request. Plaintiff has not provided the Court with the 13 information necessary to grant the TRO as a sanction. Plaintiff attaches a draft TRO to its 14 motion, but has provided the Court with none of the briefing or evidentiary material filed in 15 state court in support of the TRO. Dkt. #6, Ex. B. The proposed TRO would impose specific 16 limitations on Defendant's business, directing the payment of funds, requiring 17 communications with customers and account debtors, and requiring that an accounting be 18 performed. The Court will not enter such an order as a sanction in the absence of some 19 demonstration that the TRO is warranted given the facts of this case. Nor has Plaintiff shown 20 that its ability to obtain a TRO in time to avoid irreparable harm has been impaired by the 21 removal. Plaintiff asserts in its response to Defendant's motion that "[l]iterally tens of 22 thousands of dollars a day *could* be . . . diverted," but provides no evidence that such 23 diversion has occurred. Dkt. #9 at 2 (emphasis added).

24 In short, although the Court concludes that an award of fees and costs is appropriate 25 for the plainly improper removal of this case, the Court cannot conclude that the TRO should 26 be entered as a sanction against Defendant. Once this matter is remanded, the Court will 27 have no further jurisdiction to hear and decide the request for the TRO on the merits. "[I]t 28 is clear that an order of remand to state court ends the jurisdiction of the federal court over

the case." Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 379 at 491.

**IT IS ORDERED:**

1. Plaintiff's Emergency Motion to Remand (Dkt. #6) is **granted in part and denied in part**.
2. Defendant's Request for Remand (Dkt. #8) is **granted**.
3. This case is remanded to Maricopa County Superior Court.
4. Pursuant to 28 U.S.C. § 1447(c), the Court will require Defendant to pay the reasonable costs and attorneys' fees incurred by Plaintiff as a result of the improper removal of this action. Plaintiff shall file an application for attorneys' fees and costs on or before **July 18, 2008**. Defendant shall file a response on or before **July 31, 2008**. Plaintiff shall file a reply on or before **August 8, 2008**. The Court will then award attorneys' fees and costs without further briefing or oral argument.

DATED this 2nd day of July, 2008.

_____
David G. Campbell
United States District Judge